REQUESTED BY: Senator Richard Peterson
Constitutionality of proposed aggravating and mitigating circumstances as set forth in request letter.
This is in reply to your Inquiry concerning proposed amendments to LB 823 contained in your letter received by this office on March 13, 1986. Your proposal would add some or all of the aggravating circumstances and one mitigating circumstance to the present statute in that area, Section29-2523 R.S. 79 (Your letter sets forth § 29-2953 in paragraph 1).
We see no Constitutional problem with any of said proposals except those set forth as (4 a) and (4 b) which provide: (4a) The murder was committed while the defendant was engaged in or was an accomplice in the commission of, attempted commission of, or the immediate flight after committing or attempting to commit the following felonies: Robbery in violation of section 28-324 Kidnapping in violation of section 28-313 First or Second degree Sexual Assault in violation of sections 28-319 or 28-320 or (4b) The capital felony was committed while the defendant was engaged, or was an accomplice, in the commission of, or an attempt to commit, or flight after committing or attempting to commit, any robbery, first or second degree sexual assault, arson, burglary, kidnapping, or aircraft piracy.
In Enmund v. Florida, 548 U.S. 782 (1982), the Supreme Court of the United States held that the death penalty, imposed upon the driver of the getaway car at a robbery in which two persons were killed, violated the Eighth andFourteenth Amendments to the United States Constitution; although the driver was properly found to be a constructive aider and abettor and a principal in the First Degree Murder case under Florida law, the U.S. Supreme Court held that the death penalty could not be constitutionally imposed upon a defendant who himself did not kill, attempt to kill, intend to kill, or contemplate that life would be taken. The court stated that the focus must be on the aider and abettor's culpability and not on those who committed the robbery and shot the victims insofar as imposition of the death penalty was concerned.
In the more recent case of Cabana v. Bullock, January 22, 1986, 54 L.W. 4105 the U.S. Supreme Court reaffirmed stating "a person who has not in fact killed, attempted to kill, or intended that a killing take place or that lethal force be used may not be sentenced to death."
In another United States Supreme Court case, Baldwin v. Alabama, (June 17, 1985) 472 U.S. ___, 86 L.Ed. 2d 300, 105 Supreme Court ___, the United States Supreme Court approved the imposition of the death penalty in a case in which the jury found the petitioner guilty "of robbery with the aggravated circumstance of intentionally killing the victim."
It would appear that an aggravating circumstance in conformity with the foregoing cases would be proper; however, the present wording of paragraphs (4 a) and (4 b), as set forth above, would violate Enmund v. Florida and Cabana v. Bullock discussed above.
Respectfully submitted,
ROBERT M. SPIRE Attorney General
Melvin K. Kammerlohr Senior Assistant